IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                                                          PLAINTIFF

        v.                       Civil No.   11-3021

JESSE RIVERA; and
TOBY SHEARER                                                                  DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Dale Adams, filed this diversity jurisdiction against two of his former supervisors. Adams proceeds *pro se* and *in forma pauperis*. The case is before me for a determination of whether service of process should issue.

### **Background**

According to the allegations of the complaint, Adams worked at Tyson Foods from November 10, 2008, until June 2, 2009. Adams supervisors were Jesse Rivera and Toby Shearer.

On March 10, 2009, Adams alleges he informed Shearer that he was going to file a lawsuit against Tyson Foods. On March 16th, Adams provided a copy of the complaint to Tyson Foods. On April 14, 2009, Adams submitted a charge of discrimination to the Equal Employment Opportunity Commission (EEOC).

Adams alleges that Rivera and Shearer engaged in the following conduct: failed to adhere to the Tyson Foods harassment and discrimination policy; forced Adams to do excessive work that caused injuries to his arms and hands and then refused to provide him any help to prevent the injuries; prevented him from having any breaks; did not correct the problems Adams asked them to; they put "chicken germs" in his tea jug to make him ill; they told employees not to give him a

-1-

ride home leaving him stranded at work; and they tried to prevent him from receiving medical care from Tyson Foods nurses. From March 18, 2009, through May 26, 2009, Adams maintains he was harmed and suffered from immense pain and physical injuries. He also maintains that Defendants' illegal conduct caused the death of three of his family members. Finally, Adams alleges both Defendants moved out of state during the EEOC investigation to avoid testifying about their conduct.

Adams brings the following causes of action: negligence; wrongful death; intentional infliction of emotional distress; and fraud and deceit.

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Several of Adams' claims are subject to dismissal. First, the wrongful death claim is subject to dismissal. Apart from the obvious lack of causation, a wrongful death claim may only be brought in the name of the personal representative of the diseased person or, if there is no personal representative, then the action shall be brought by the heirs at law of the person. Ark. Code Ann. § 16-62-102(b)(Repl. 2005). All statutory beneficiaries must be joined as plaintiffs in the case. *Brewer v. Poole*, 207 S.W.2d 458, 464 (Ark. 2005). Adams may not assert a wrongful death claim.

Second, the facts alleged are clearly insufficient to establish the tort of outrage. The tort of outrage has the following elements: (1) a defendant intended to inflict emotional distress or

knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the defendant's actions were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Cessna v. Gray*, 316 S.W.3d 257, 259 (Ark. Ct. App. 2009).

Arkansas courts "have taken a strict view in recognizing an outrage claim, particularly where it is alleged in employment relationships." *Id.* (*citing Smith v. American Greetings Corp.*, 804 S.W.2d 683 (Ark. 1991)(angry confrontation, physical violence & discharge insufficient); *Sterling v. Upjohn Healthcare Servs., Inc.*, 772 S.W.2d 329 (Ark. 1989)(unfounded assertions of being drunk at work, attempts to undermine the plaintiff, and violent rhetoric insufficient). *See also Faulkner v. Arkansas Children's Hospital*, 69 S.W.3d 393 (Ark. 2002)(strained working relationship, deliberate attempts to undermine authority, false accusations of shoddy work, false accusations and rumors of mental illness, and being placed on administrative leave insufficient). The conduct complained of in this case is not sufficiently extreme and outrageous to support the claim.

Third, the fraud claim fails as a matter of law. To establish fraud, a plaintiff must prove five elements: (1) a false representation of material fact; (2) knowledge or belief by the defendant that the representative is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance upon the representation; and (5) damage suffered as a result of that reliance. *Templeton v. United Parcel Service, Inc.*, 216 S.W.3d 563, 567 (Ark. 2005).

In this case, Adams does not point to any false representations of material fact. Instead, his "fraud" claim is based on Defendants' alleged failure to abide by Tyson Foods employee code of conduct. Clearly, no fraud claim is stated.

### Conclusion

For the reasons stated, I recommend that the wrongful death, tort of outrage, and fraud claims be dismissed as they are frivolous or fail to state claims upon which relief may be granted. This leaves for later resolution the negligence claim. By separate order, service will be directed on the Defendants.

**Adams has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Adams is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of June 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)