IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                    PLAINTIFF

          v.                  Civil No. 11-3021

JESSE RIVERA and
TOBY SHEARER                                                     DEFENDANT

O R D E R

Now on this 11th day of August, 2011, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** ("R&R")(document #5), and plaintiff's **Response To Report And Recommendation** ("Response") (document #7), and the Court, having carefully reviewed both documents, finds and orders as follows:

1.    Before addressing the merits of the R&R, the Court will address plaintiff's suggestion, in his Response, that the Court recuse.  While plaintiff only obliquely alludes to the basis for this suggestion,[1] the Court believes it is based on the fact that plaintiff has pending litigation in which the undersigned is named as a defendant.  This is the matter now pending as Case 11-3059 in the United States District Court for the Western District of Arkansas ("Case 11-3059").

2.    Recusal is governed by **28 U.S.C. § 455**, which provides, insofar as might be relevant to these proceedings, that "any . .

---

[1]In the second paragraph of his Response, plaintiff states that "[a] tort claim was filed against Tyson Foods and numerous employees as well as other parties on the date of March 8, 2011. . . . The summons and complaints were mailed to Tyson Foods, Arkansas Attorney General and the US Attorney; Deborah Groom on the date of June 20, 2011. . . . The service of summons creates a conflict of interest and recusal is proper before any decisions are made regarding this report and recommendation."

. judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The reasonableness standard is an objective one, and has been explained as "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." **Moran v. Clarke**, **296 F.3d 638, 648 (8th Cir. 2002).**

Judges are presumed to be impartial, and the party seeking recusal has the burden of proving otherwise. **Pope v. Federal Express Corp.**, **974 F.2d 982, 985 (8th Cir. 1992).** In making the recusal decision, it is axiomatic that "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." **Laird v. Tatum**, **409 U.S. 824, 837 (1972).**

3.    The Court has considered whether the fact that a person has filed a lawsuit against it would justify recusal, and concludes that under the circumstances here presented, it would not.

The claims that plaintiff has made against the undersigned in Case 11-3059 all relate to judicial action in other litigation pending before this Court, for which the undersigned enjoys judicial immunity.  "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial

officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." **Bradley v. Fisher**, **80 U.S. 335, 347 (1871)**. Thus, because the undersigned is not put at risk by plaintiff's filing of Case 11-3059, the Court regards the assertion of claims against it in that case as more of a judge-shopping tactic than as a genuine assertion of claims for relief.

In reviewing legal precedent potentially applicable to this situation, the Court finds it analogous to cases addressing whether recusal is proper in the face of threats to the court. In **U.S. v. Beale**, **574 F.3d 512, 519 (8th Cir. 2009),** the court found that recusal was not required where defendant issued a bogus "arrest warrant" for the judge, because defendants "are not permitted to use such a plot or threat as a judge-shopping device." While a genuine threat would merit recusal, an empty one does not. **U.S. v. Dehghani**, **550 F.3d 716 (8th Cir. 2008)**.

When the Court considers that judges are presumed to be impartial; that the party seeking recusal has the burden of proving otherwise; and that the issue of judicial impartiality is tested by the perception of "the average person on the street who knows all the relevant facts of a case," it finds that recusal is not called for in this case. There is no reason to believe that the average person who is fully informed as to judicial immunity and the allegations directed at the undersigned in Case 11-3059

-3-

would question the Court's impartiality.

4.   Turning to the merits of the case at bar, the R&R recommends dismissal of plaintiff's claims for wrongful death, outrage, and fraud.  Plaintiff objects only to the recommendation that his outrage claim be dismissed, contending that his Complaint is sufficient to plead such a claim and reciting various factual allegations that he relies upon.  The force of this recitation is considerably undermined, however, by plaintiff's statement that he may eventually choose to withdraw his claims against the defendants in return for their testimony against "the proper guilty party -- Tyson Foods."

Under Arkansas law, an outrage claim requires -- among other things -- proof of conduct that is "utterly intolerable in a civilized community," and proof that defendant's actions were the cause of plaintiff's distress.  **Cessna v. Gray, 2009 Ark. App. 143, 2, 316 S.W.3d 257, 259 (Ark. App. 2009).**  Plaintiff's willingness to drop his claims against the defendants in exchange for their testimony against Tyson Foods is inconsistent with the first of these requirements, and his contention that Tyson Foods is "the proper guilty party" cannot be squared with the second.

5.   For the foregoing reasons, the Court will overrule plaintiff's single objection to the R&R.  The Court has fully considered the R&R, and finds it sound in all respects, and it will be adopted *in toto*.

**IT IS THEREFORE ORDERED** that plaintiff's request that this Court recuse is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Response To Report And Recommendation** (document #7) is **overruled.**

**IT IS FURTHER ORDERED** that **Report And Recommendation Of The Magistrate Judge** (document #5) is **adopted *in toto*,** and plaintiff's claims for wrongful death, outrage, and fraud are **dismissed.**

**IT IS FURTHER ORDERED** that this matter is **remanded** to United States Magistrate Judge James R. Marschewski to address service of process issues with regard to defendant Jesse Rivera.

**IT IS SO ORDERED.**

> **/s/ Jimm Larry Hendren**
> **JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**